**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4049**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELEAZAR GARCIA-OSORIO,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:06-cr-00273-JAB)

Submitted:  July 31, 2007              Decided:  August 15, 2007

Before MICHAEL and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Eleazar Garcia-Osorio appeals his conviction and thirty-month sentence following his guilty plea to one count of illegal reentry of a previously deported aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Garcia-Osorio's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but suggesting that the district court erred in sentencing Garcia-Osorio. The Government has declined to file a brief; Garcia-Osorio was advised of his right to file a pro se supplemental brief but elected not to do so.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, a district court is no longer bound by the range prescribed by the sentencing guidelines. Hughes, 401 F.3d at 546. However, in imposing a sentence post-Booker, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and must consider the range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Hughes, 401 F.3d at 546-47

(citation omitted). "[A] sentence within the proper advisory [g]uidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence).

Here, the district court treated the guidelines as advisory, and sentenced Garcia-Osorio only after considering the sentencing guidelines, the § 3553(a) factors, and counsel's arguments. Garcia-Osorio's thirty-month sentence is below the twenty-year statutory maximum sentence, see 8 U.S.C. § 1326(b)(2), and is presumptively reasonable, as it is within the appropriate guideline range. As neither Garcia-Osorio nor the record suggests any information to rebut the presumption, we find that Garcia-Osorio's sentence is reasonable.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We

- 3 -

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED